IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TARRANCE DARON WHITLOCK, 930799,<br>　　　　Petitioner, | )<br>)<br>) |
| v. | )　　No. 3:05-CV-1232-M<br>) |
| NATHANIEL QUARTERMAN, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division<br>　　　　Respondent. | )<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**II. Background**

On June 19, 2000, Petitioner was convicted of aggravated assault of a public servant. *The State of Texas v. Tarrance Daron Whitlock*, No. F-9956237-PSV (292nd Jud. Dist. Ct., Dallas County, Tex., June 19, 2000). Petitioner was sentenced to forty years confinement. On December 10, 2001, the Fifth District Court of Appeals reformed the judgment to correct an error, and affirmed the conviction as modified. *Whitlock v. State*, No. 05-00-00981-CR (Tex.

App. – Dallas 2001). The Court of Criminal Appeals granted Petitioner's petition for discretionary review. On December 11, 2002, the Court affirmed in part and reversed in part Petitioner's judgment of conviction. *Whitlock v. State*, PDR No. 066-02.

Petitioner filed a state application for writ of habeas corpus. *Ex parte Whitlock*, Application No. 56,755-02. On June 9, 2004, the Court of Criminal Appeals dismissed the petition for failure to comply with the appellate rules. On June 30, 2004, Petitioner filed a second state habeas application. *Ex parte Whitlock*, Application No. 56,755-03. On May 4, 2005, the Court of Criminal Appeals denied the application without written order on the findings of the trial court.

On May 14, 2005, Petitioner filed this federal petition. He argues: (1) there was no evidence to prove aggravated assault; (2) he was denied due process and equal protection; (3) he received ineffective assistance of appellate counsel; and (4) his sentence is illegal.

On June 13, 2006, Respondent filed his answer. On July 7, 2006, Petitioner filed a traverse. The Court finds the petition is barred by the one-year statute of limitations and should be dismissed.

## III. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the

limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

The Fifth District Court of Appeals affirmed Petitioner's conviction on December 10, 2001. On December 11, 2002, the Texas Court of Criminal Appeals affirmed the judgment in part and reversed the judgment in part. The judgment became final ninety days later, on March 11, 2003. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until March 11, 2004, to file his federal petition.

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas application. 28 U.S.C. § 2244(d)(2). Petitioner's first habeas application was dismissed because it failed to comply with Rule 73.2 of the Texas Rules of Appellate Procedure.[2] It therefore was not "properly filed" within the meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings); *Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir.) (finding state habeas application is not properly filed if erroneously accepted by state court that lacks jurisdiction), *cert. denied*, 543 U.S. 893(2004); *Edwards v. Dretke*, 116 Fed. Appx. 470, 2004 WL 2278502, (5th Cir. 2004) (finding state habeas application was not properly filed because it failed to comply with Texas Rule of Appellate Procedure 73.2). Since Petitioner's first state habeas applications was not properly filed, it did not statutorily toll the limitations period.

On June 30, 2004, Petitioner filed his second state application for habeas relief. This application was filed after the limitations period expired. It therefore did not toll the limitations period.

Petitioner's federal petition was due by March 11, 2004. He did not file his federal

---

[2]Rule 73.2 states:
> The Clerk of the convicting court will not file an application that is not on the form prescribed by the Court of Criminal Appeals, and will return the application to the person who filed it, with a copy of the official form. The clerk of the Court of Criminal Appeals may, without filing an application that does not comply with this rule, return it to the clerk of the convicting court, with a notation of the defect, and the clerk of the convicting court will return the application to the person who filed it, with a copy of the official form.

Tex. R. App. P. 73.2.

petition until May 14, 2005. His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling for the time his improperly filed state habeas application was pending. He states the trial court accepted the application, so he did not learn of the deficiency until his application was rejected by the Court of Criminal Appeals and returned to him.

The Fifth Circuit Court of Appeals, however, has rejected similar arguments. In *Edwards*, the petitioner sought tolling credit for the pendency of a state habeas application that was dismissed by the Court of Criminal Appeals for lack of compliance with Rule 73.2 of the Texas Rules of Appellate Procedure.[3] *Edwards*, 116 Fed. Appx. at 471. The petitioner argued

---

[3]The application failed to comply with Rule 73.2 because it failed to set forth the grounds for relief on the 11.07 form rather than by a separate memorandum.

he was entitled to equitable tolling because he did not have notice of his noncompliance with the appellate rules until the Court of Criminal Appeals rejected his petition. The Fifth Circuit found the petitioner's claims insufficient to support equitable tolling. The Court stated that the petitioner "failed to allege circumstances warranting equitable tolling from the time he initially filed his state habeas application to the time that application was returned to him for noncompliance." *Id*. (citing *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) and *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

Although *Edwards* is an unpublished opinion and is not precedent, it is instructive. In this case, Petitioner also claims he is entitled to equitable tolling because he did not receive notice that his state application was not in compliance until the Court of Criminal Appeals rejected the application. These facts fail to establish extraordinary circumstances warranting equitable tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 19th day of July, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).