IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TARRANCE DARON WHITLOCK, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:05-CV-1232-M |
| ) | |
| WILLIAM STEPHENS, Director TDCJ-CID, ) | |
| Respondent. ) | |

### AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

### I. Procedural background

Petitioner is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division. He filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

On June 19, 2000, Petitioner was convicted of aggravated assault of a public servant. *The State of Texas v. Tarrance Daron Whitlock*, No. F-9956237-PSV (292nd Jud. Dist. Ct., Dallas County, Tex., June 19, 2000). Petitioner was sentenced to forty years confinement. On December 10, 2001, the Fifth District Court of Appeals reformed the judgment and affirmed the conviction as modified. *Whitlock v. State*, No. 05-00-00981-CR (Tex. App. – Dallas 2001). On

Page 1

December 11, 2002, the Court of Criminal Appeals affirmed in part and reversed in part. The Court reversed the appellate court's reformation of the judgment and affirmed the remainder of the opinion. *Whitlock v. State*, PDR No. 066-02.

On May 14, 2005, Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this case. On August 18, 2006, the district court dismissed the petition as barred by the statute of limitations. On August 8, 2008, the Fifth Circuit Court of Appeals denied a certificate of appealability.

On August 9, 2012, Petitioner filed a second § 2254 petition. *Whitlock v. Thaler*, No. 3:12-CV-1232-B (N.D. Tex.). On November 9, 2012, the district court transferred the petition to the Fifth Circuit as successive. On February 14, 2013, the Fifth Circuit denied Petitioner leave to file a second or successive petition. *In re Tarrance Daron Whitlock*, No. 12-11139 (5th Cir. Feb. 14, 2013).

On October 10, 2013, Petitioner filed the instant Rule 60(b) motion. He argues he has new evidence that shows the evidence was insufficient to support his conviction.

## II. Discussion

Although Petitioner filed this petition as a motion for relief from judgment under Fed. R. Civ. P. 60(b), his motion is properly construed as a second or successive petition under 28 U.S.C. § 2244(b). Petitioner's motion attempts to assert claims attacking his state court judgment based upon new evidence. A Rule 60(b) motion which raises claims for relief rather than challenges to defects in the federal habeas corpus proceeding, is treated as a successive habeas corpus petition subject to 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances

under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

## RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant Rule 60(b) motion be construed as a habeas corpus petition pursuant to 28 U.S.C. § 2254, that the Clerk be directed to open a new civil action pursuant to § 2254 (nature of suit 530) and that the petition be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 18 day of November, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).